# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION

FILED

March 6, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| GEICO GENERAL INSURANCE COMPANY, | ) | C/A NO. 03A01-9511-CH-00408 |
| | ) | |
| | ) | ANDERSON CHANCERY |
| Plaintiff-Appellee, | ) | |
| | ) | HON. WILLIAM E. LANTRIP, |
| v. | ) | CHANCELLOR |
| | ) | |
| DUSTI DAWN HOWARD, PAT HOWARD | ) | |
| and wife PENNE HOWARD, RAY | ) | |
| GABRIELLE COX, and JOHN P. | ) | |
| HOWARD and wife MARIA S. | ) | |
| HOWARD, | ) | VACATED |
| | ) | AND |
| Defendants-Appellants. | ) | REMANDED |

_____

| | | |
|---|---|---|
| THE FARMERS AUTOMOBILE INSURANCE ASSOCIATION, AN ILLINOIS CORPORATION, | ) | C/A NO. 03A01-9511-CH-00407 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DUSTI DAWN HOWARD, PAT HOWARD | ) | |
| and wife, PENNE HOWARD, RAY | ) | |
| GABRIELLE COX, and JOHN P. | ) | |
| HOWARD and wife, MARIA S. | ) | |
| HOWARD, | ) | VACATED |
| | ) | AND |
| Defendants-Appellants. | ) | REMANDED |

J. WILLIAM COLEY, HODGES DOUGHTY & CARSON, Knoxville, for Plaintiff-Appellee, GEICO General Insurance Company of America.

ROGER L. RIDENOUR, Clinton, for Defendant-Appellant, Ray Gabrielle Cox.

W. CLARK MEREDITH, JOYCE, MEREDITH, FLITCROFT & NORMAND, Oak Ridge, for Defendants-Appellants, Dusti Dawn Howard, Pat Howard, and Penne Howard.

ROBERT M. CHEMERS and JOHN M. McGREGOR, PRETZEL & STOUFFER, CHARTERED, Chicago, Illinois,
and
ROCKFORDE D. KING, EGERTON, McAFEE, ARMSTEAD & DAVIS, Knoxville, for Plaintiff-Appellee, The Farmers Automobile Insurance Association.

# O P I N I O N

Franks. J.

These declaratory judgment actions arose as a result of a single car accident.

GEICO General Insurance Company of America ("GEICO") had issued a family automobile insurance policy to Ernest P. Howard, and the Farmers Automobile Insurance Company Association ("Farmers") had issued a policy of insurance to John P. Howard. Both policies were in force at the time of the accident.

The insurance companies sought a declaration that neither policy provided coverage to Dusti Dawn Howard for the accident. The Trial Court determined there were no disputed issues of material fact and granted both insurance companies summary judgment, on the basis that Dusti, daughter of Ernest P. and Penne Howard, had not been given permission to operate

2

the 1992 Ford Aerostar.

The undisputed facts are that on August 16, 1993, Dusti was driving the 1992 Ford Aerostar owned by her Aunt and Uncle, John P. and Maria S. Howard, when she was involved in a single motor vehicle accident. John and Maria were visiting the Ernest Howards (his brother) in Tennessee, at the time of the accident. John and Maria and Ernest and his wife Penne had gone to Gatlinburg, Tennessee on an outing that afternoon, and John left his vehicle at Ernest's home, along with their two small children, where Dusti was responsible for the care of the children.

On the morning of August 16, Dusti had accompanied Maria to a shopping mall with Maria operating the van. As to this trip, Dusti testified thus:

> Q.    Dusti, did you have a conversation with your Aunt Maria on the occasion of going to the mall that day?
>
> A.    Yes.
>
> Q.    And would you tell us what that conversation was regarding the vehicle you were in?
>
> A.    She told -- she asked me -- we were at McDonald's and we were going to be on our way back home, she asked me if I'd like to drive the van. [1]
>
> Q.    And what was your response at that time?
>
> A.    I told her that, no, I did not.
>
> Q.    And had your parents at any time or your aunt and uncle put any restrictions on you at any time that you're aware of in the general use of vehicles?

---

[1] This account is disputed by Maria.

3

A.     No.

Dusti, in her affidavit, further explained:

> Later that day, my parents, aunt and uncle decided to spend the remainder of the day in Gatlinburg. It was also determined that I was to babysit my younger cousins while they were gone. No discussions concerning what the children and I could or could not do occurred. I was not told what time they would return home.
>
> As my parents, aunt and uncle were leaving, my uncle tossed the keys to his van to me, asking that I close the windows if rain began. No other instructions concerning the van were given. I believed at that time and later, I had permission to drive the van.

The Farmers policy insuring John Howard's van, contains the following exclusion:

> (a)     We do not provide liability coverage for any person:  . . .
>
> (b)     Using a vehicle without a reasonable belief that that person is entitled to do so.

The GEICO policy issued to Ernest with regard to a non-owned vehicle provides coverage to:

> You and your relatives when using a private passenger auto or trailer. Such use must be with the permission, or reasonable belief to be with the permission, of the owner and within the scope of that permission;

and GEICO's uninsured motorist coverage policy provision, provides:

> But the term "insured auto" does not include:
>
> . . . (ii) an auto being used without the owner's permission;.

A summary judgment proceeding is "not in any sense to be viewed as a substitute for a trial of disputed factual issues". *Evco Corporation v. Ross*, 528 S.W.2d 20, 25 (Tenn.

4

1975). Where there is a dispute as to any material fact, or doubt as to the conclusions to be drawn from that fact, a motion for summary judgment is not appropriate. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

In this action, there are disputed issues of material fact and the inferences which may be drawn from evidence. None of the reported cases in this jurisdiction cited by the parties is controlling, since those cases do not consider the language contained in these policies. The evidence in this record, which must be taken in the light most favorable to the opponents of the motion, is that Dusti was offered the opportunity to drive the van in the morning, and was left with the possession of ignition keys that afternoon without any express prohibition on her operating the van. A disputed factual issue is established as to whether Dusti, under all the circumstances, reasonably believed that she was entitled to operate the vehicle at the time and place of the accident.

For the foregoing reasons, we vacate the summary judgments and remand for further proceedings consistent with this opinion.

The cost of the appeal is assessed one-half to each plaintiff.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
William H. Inman, Sr.J.